UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GEA WESTFALIASURGE, INC.,

   Plaintiff,

 v.               Case No. 08-C-925

LAWRENCE NEUBAUER, et al.,

   Defendants.

# ORDER

  Defendants have filed a motion to compel responses to its discovery requests. In the requests, they seek information regarding any testing the Plaintiff did on its pulsation system and, in particular, any documents reflecting that system's viability for larger applications. To recall, in this action Plaintiff alleges that Defendant Neubauer essentially bad-mouthed its product and caused Plaintiff injury when it had to assuage a prospective customer's doubts and give the customer a better deal before the customer would purchase the product. In particular, Plaintiff claims that Defendant Neubauer suggested to dairymen that Plaintiff's product would not perform adequately on large applications if wired in accordance with the company's instructions.

  The particular document Defendants seek is a memorandum dated December 2, 2004, written by Earl Patterson, an employee of Plaintiff. The memo apparently details the company's approach to dealing with a customer issue relating to the rewiring and installation of Plaintiff's pulsation system at an Idaho dairy. It includes information about testing on Plaintiff's product conducted by a third-party dealer.

Plaintiff objects to the discovery requests on the grounds of relevance. It asserts that its own testing of its product is irrelevant to the key issue in this case, which is what the Defendants *said* about its product. Defendant Neubauer made his allegedly defamatory statements in 2007, more than two years after the Patterson memo was written. The original 2004 memo discussed fixing the problem at the Idaho dairy by rewiring the Idaho system to bring it into compliance with the company's wiring guidelines, yet Neubauer's alleged defamation involves his criticism that the product would not work *even if* it were wired in accordance with those guidelines. Thus, Plaintiff argues that the Idaho issue and the memo addressing it have nothing to do with the substance of Neubauer's statements because his statements involve criticism of the system when it *was* wired correctly (the Idaho system had *not* been wired properly). Moreover, the memo is not responsive to the discovery request cited by Defendants. That request sought information about testing conducted by *Plaintiffs*, whereas the memo details information about testing conducted by third parties.

On this last point, Defendants concede that the discovery request they cited might not be applicable, but they protest that other of their requests would cover the document. For example, one of their requests asks for production of "all complaints of dealers, dairy farmers, or others regarding the ProForm Pulsation Control System from 1990 to date." But a memo written by one of Plaintiff's employees about a dealer's rewiring of a dairy in 2004 is not a "complaint" of a dealer, farmer, or anyone else. Even so, the memo apparently details the company's *response* to the complaint of a dairy farmer regarding the performance of the pulsation system. Because it evidences a complaint of a farmer, I conclude that the memo is responsive to the Defendants'

discovery request in light of the discovery rules' breadth and overall purpose of providing, rather than withholding, information.

As for relevance, the same holds true. Although it is possible that the memo itself does not speak to the exact issue here regarding the system's wiring, the discovery rules are broad and require disclosure of information that *could* lead to other discoverable information. It is not a stretch to believe that the company's handling of a customer dispute would lead to such information when the dispute involves the same large-scale application that is at issue in this case.

Accordingly, the motion to compel is **GRANTED**.

**SO ORDERED** this ___9th___ day of February, 2010.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge